Argued: September 8, 2023

IN THE SUPREME COURT

OF MARYLAND

Misc. No. 62

September Term, 2022

IN THE MATTER OF THE APPLICATION

OF SAMUEL EDWARD HOWIE FOR

ADMISSION TO THE BAR OF MARYLAND

Fader, C.J.,
Watts,
Hotten,
Booth,
Biran,
Gould,
Eaves,

JJ.

Order
Hotten, J., dissents, to which Eaves, J. joins.

Filed: November 28, 2023

Pursuant to the Maryland Uniform Electronic Legal Materials Act (§§ 10-1601 et seq. of the State Government Article) this document is authentic.



Gregory Hilton, Clerk

**IN THE MATTER OF THE APPLICATION**     *     **IN THE**

**OF SAMUEL EDWARD HOWIE**     *     **SUPREME COURT**

**FOR ADMISSION TO**     *     **OF MARYLAND**

**BAR OF MARYLAND**     *     **Misc. No. 62**

     *     **September Term, 2022**

## ORDER

**WHEREAS**, Samuel Edward Howie ("the Applicant") applied for admission to the Maryland Bar on July 13, 2021,

**WHEREAS**, the Applicant's application was accompanied by a Notice of Intent to Transfer Qualifying Uniform Bar Examination ("UBE") score filed pursuant to Maryland Rule 19-207, after he achieved a qualifying score during the July 2018 administration of the UBE in New Jersey,

**WHEREAS**, while in his final semester of law school at the University of Maryland Francis King Carey School of Law in the spring of 2018, the Applicant took a bar preparation course, which included taking multiple Multistate Performance Test ("MPT") practice exams,

**WHEREAS**, prior to taking his fifth and final practice exam, the Applicant obtained a picture of the model answer from a friend who had already taken the exam, intending to achieve the number of points that he needed for a perfect score on the final MPT practice exam, and he in fact achieved such a score,

**WHEREAS,** the professor who taught the bar preparation course recognized the plagiarized answer, resulting in a hearing before the law school honor board, which issued "an official reprimand to be made part of his student permanent record and to be disclosed

to the bar examiners for each state to which he applied," and also required that he complete an ethics essay assignment prior to graduation,

**WHEREAS,** prior to graduation, the Applicant was advised by a professor that he needed to disclose the identity of the friend who shared the model answer with him, and after the Applicant complied, he was then given an additional honor code violation for failing to report the honor code violation of his friend,

**WHEREAS,** the Applicant was permitted to graduate and received his J.D. degree,

**WHEREAS,** the Applicant applied for and has been admitted to the Bars of New Jersey and New York, after the character committees in both states conducted hearings at which the Applicant testified and was questioned about his law school honor code violations,

**WHEREAS,** on March 3, 2022, the Character Committee for the Sixth Appellate Circuit ("Character Committee") held a hearing pursuant to Maryland Rule 19-204(a)(2) to consider the Applicant's character and fitness, and thereafter submitted a report recommending the Applicant's admission to the Maryland Bar by a 4-2 majority vote of the Character Committee hearing panel,

**WHEREAS,** on March 24, 2023, the State Board of Law Examiners (the "Board") held a hearing pursuant to Maryland Rule 19-204(b), at which the Applicant testified before the Board,

**WHEREAS,** after considering the Character Committee's report, and conducting its own assessment of the record and the Applicant's testimony, the Board, by a 4-2

2

majority vote, issued a report on May 16, 2023, recommending that this Court approve the Applicant for admission to the Maryland Bar,

**WHEREAS**, in its report, the Board found that Applicant "presently possesses the moral character and fitness necessary to practice law",

**WHEREAS,** in making its favorable recommendation, the Board noted, among other things: (1) that two other jurisdictions had found that the Applicant possessed sufficient character and fitness for admission following thorough character reviews, (2) that the Applicant has been practicing law for over three years and has not engaged in any further incidents of dishonesty or other ethical breaches while practicing law, and (3) the record included positive character reviews from employers during the passage of time since the 2018 honor code violation, and

**WHEREAS,** the Applicant appeared before this Court on September 8, 2023, in response to a show cause order issued pursuant to Maryland Rule 19-204(c)(1),

**NOW THEREFORE,** the Court having considered the Applicant's statements to this Court, the favorable recommendations of the majority of the members of both the Character Committee and the Board concerning the Applicant's application for admission to the Bar of Maryland, it is, this 28th day of November, 2023 by the Supreme Court of Maryland, a majority of the Court concurring,

**ORDERED,** that the favorable recommendations of the Character Committee and the Board are accepted, and it is further

**ORDERED**, that the Applicant be admitted to the Bar upon taking the oath prescribed by statute.


/s/ Matthew J. Fader
Chief Justice

IN THE SUPREME COURT

OF MARYLAND

Misc. No. 62

September Term, 2022

IN THE MATTER OF THE APPLICATION

OF SAMUEL EDWARD HOWIE FOR

ADMISSION TO THE BAR OF MARYLAND

Fader, C.J.,
Watts,
Hotten,
Booth,
Biran,
Gould,
Eaves,

JJ.

Dissent to the Order by Hotten, J., which
Eaves, J. joins.

Filed: November 28, 2023

Respectfully, I dissent. Mr. Howie has not met the burden of establishing he currently possesses the requisite moral character and fitness for admission to the Bar.

"An applicant must possess good moral character for admission to any Bar, denoted by 'those qualities of truth-speaking [and] a high sense of honor[.]'" *In re Cramer*, 427 Md. 612, 622, 50 A.3d 1066, 1071–72 (2012). We have highlighted the importance of candor, truthfulness, and disclosure as the cornerstones of the good moral character necessary for the practice of law in Maryland. *In re Stern*, 403 Md. 615, 634, 943 A.2d 1247, 1258 (2008). Fundamental to these disclosures is an applicant's "understand[ing of] the high standard of integrity expected of an attorney." *In re Hyland*, 339 Md. 521, 539, 663 A.2d 1309, 1318 (1995).

We have often cited patterns of poor moral behavior as indicative of an applicant's lack of character and integrity. *See In re Brown*, 449 Md. 669, 689, 144 A.3d 1188, 1200 (2016) (holding that "Ms. Brown's actions . . . are indicative of a cumulative pattern of a lack of honesty and candor[]"); *In re T.Z.-A.O.*, 441 Md. 65, 76, 105 A.3d 492, 498 (2014) (concluding the applicant demonstrated a "consistent and troubling pattern of financial irresponsibility and failure to meet financial obligations[]"); *Stern*, 403 Md. at 633, 943 A.2d at 1257 (concluding the applicant's "pattern of financial irresponsibility" warranted denial of Bar admission).

Mr. Howie incurred honor code violations while attending law school for plagiarism and failing to disclose the honor code violation of another student who facilitated his plagiarism. Although he was previously admitted to the Bars of New Jersey and New York, he failed to disclose the violations to two of his four employers. This

record reflects a patterned lack of candor and a failure to appreciate a moral duty to the truth. Only after pressure from three attorneys did Mr. Howie admit his dishonesty to the law school, yet chose to violate the honor code again by withholding the name of the student who facilitated his plagiarism. Before the Character Committee, Mr. Howie stated he did not affirmatively disclose the Maryland honor code violations to his New Jersey employers because they "only practiced in New Jersey." However, an attorney's ethical obligation to the truth is not limited by geography. *See, e.g.*, *In re License of Thompson*, 363 Md. 469, 478–79, 769 A.2d 905, 910–11 (2000) (noting that attorney's violations of D.C. Disciplinary Rules would reflect the attorney's lack of the requisite moral character for practice in Maryland); *Att'y Grievance Comm'n v. McCoy*, 369 Md. 226, 237, 798 A.2d 1132, 1138 (2002) (disbarring an attorney for ethical violations committed in Delaware).

Mr. Howie's conduct also reflects another concern: his focus on the repercussions of being caught, not the moral failing of dishonesty. After being caught by his school, Mr. Howie asked his professor how "he could make things go away." Before the Character Committee, Mr. Howie listed some "regrets," omitting the dishonesty of his plagiarism and limited to the stress of being caught on his family and the damage to his career. These "regrets" do not demonstrate that he understands the moral failing of dishonesty, only the inconvenience of being caught.

When given an opportunity to show that he had rehabilitated himself, Mr. Howie chose not to, again demonstrating he does not understand his moral duty. Instead, he obfuscated his "make things go away" statement as "embarrassing and silly" and stood by

2

his decision to seek advice from attorneys rather than take responsibility for his dishonesty.

Before this Court, Mr. Howie still could not articulate why his dishonesty was problematic, and pointed to his Bar admissions in New Jersey and New York to argue that he has been rehabilitated and presently possesses the requisite moral character. I disagree. Mr. Howie has the burden of proving his moral character and fitness before this Court. Md. Rule 19-204(d). Admission to the Bars of other jurisdictions does not abrogate the responsibility of demonstrating he possesses sufficient moral character to practice law in Maryland. His decision to foist his obligation onto the Bars of other states is not indicative of appreciating his moral duties.

"We expect attorneys who practice law to exemplify the highest virtues of character, honesty, and integrity. Those qualities serve as the underpinnings for our profession and have been the hallmark of the careers of many distinguished members of our Bar. The practice of law is a privilege. This privilege is a sacred trust, the acceptance of which is accompanied by a measure of responsibility." *In re Moneri*, 483 Md. 567, 568, 295 A.3d 637, 638 (2023) (Hotten, J., dissenting) (citations omitted). As noted by the Maryland Rules, "[a]ttorneys enjoy a distinct position of trust and confidence that carries the significant responsibility and obligation to be caretakers for the system of justice that is essential to the continuing existence of a civilized society." Md. Att'ys' Rules of Prof. Conduct App'x 19-B. Through his patterns of failing to disclose his honor code violations to employers, continued focus on the consequences of being caught, and

3

choice to delegate his duty of proving his good character to another state, Mr. Howie demonstrates that he does not exemplify the virtues we uphold.  Accordingly, I dissent.

Justice Eaves has authorized me to state that she joins in this opinion.