52 A.3d 76

**ATTORNEY GRIEVANCE COMMISSION OF MARYLAND**

v.

**Cotie W. JONES.**

**Misc. Docket AG No. 9, Sept. Term, 2009.**

Court of Appeals of Maryland.

Aug. 27, 2012.

Marianne J. Lee, Asst. Bar Counsel (Glenn M. Grossman, Bar Counsel (Attorney Grievance Commission of Maryland)), for petitioner.

Argument on behalf of Respondent.

Argued before BELL, C.J., HARRELL, BATTAGLIA, GREENE, MURPHY *, ADKINS and BARBERA, JJ.

PER CURIAM.

## I.

The Attorney Grievance Commission of Maryland ("AGC"), the petitioner, acting pursuant to Md. Rule 16–751,[1] filed, through Bar Counsel, a Petition for Disciplinary or Remedial Action against Cotie W. Jones, the respondent. In the Petition, the petitioner alleged that the respondent violated Rules 1.15 Safekeeping Property,[2] 8.1 Bar Admission and Disciplin-

---

\* Murphy, J., now retired, participated in the hearing and conference of this case while an active member of this Court; he did not participate in the decision and adoption of this opinion.

1. Maryland Rule 16–751, as relevant, provides:

"(a) *Commencement of disciplinary or remedial action.* (1) Upon approval or direction of Commission. Upon approval or direction of the Commission, Bar Counsel shall file a Petition for Disciplinary or Remedial Action in the Court of Appeals."

2. Rule 1.15 of the Maryland Lawyers' Rules of Professional Conduct ("MRPC") provides:

"(a) A lawyer shall hold property of clients or third persons that is in a lawyer's possession in connection with a representation separate from the lawyer's own property. Funds shall be kept in a separate

ary Matters,[3] and 8.4 Misconduct [4] of the Maryland Lawyers' Rules of Professional Conduct ("MRPC"), as adopted by Md. Rule 16–812; Maryland Rules 16–606 Name and Designation

account maintained pursuant to Title 16, Chapter 600 of the Maryland Rules, and records shall be created and maintained in accordance with the Rules in that Chapter. Other property shall be identified specifically as such and appropriately safeguarded, and records of its receipt and distribution shall be created and maintained. Complete records of the account funds and of other property shall be kept by the lawyer and shall be preserved for a period of at least five years after the date the record was created.

"(b) A lawyer may deposit the lawyer's own funds in a client trust account only as permitted by Rule 16–607 b.

"(c) Unless the client gives informed consent, confirmed in writing, to a different arrangement, a lawyer shall deposit legal fees and expenses that have been paid in advance into a client trust account and may withdraw those funds for the lawyer's own benefit only as fees are earned or expenses incurred.

"(d) Upon receiving funds or other property in which a client or third person has an interest, a lawyer shall promptly notify the client or third person. Except as stated in this Rule or otherwise permitted by law or by agreement with the client, a lawyer shall deliver promptly to the client or third person any funds or other property that the client or third person is entitled to receive and, upon request by the client or third person, shall render promptly a full accounting regarding such property.

"(e) When a lawyer in the course of representing a client is in possession of property in which two or more persons (one of whom may be the lawyer) claim interests, the property shall be kept separate by the lawyer until the dispute is resolved. The lawyer shall distribute promptly all portions of the property as to which the interests are not in dispute."

3. MRPC 8.1 provides:

"An applicant for admission or reinstatement to the bar, or a lawyer in connection with a bar admission application or in connection with a disciplinary matter, shall not:

"(a) knowingly make a false statement of material fact; or

"(a) fail to disclose a fact necessary to correct a misapprehension known by the person to have arisen in the matter, or knowingly fail to respond to a lawful demand for information from an admissions or disciplinary authority, except that this Rule does not require disclosure of information otherwise protected by Rule 1.6."

4. MRPC 8.4 provides, in relevant part, that "[i]t is professional misconduct for a lawyer to . . . (c) engage in conduct involving dishonesty, fraud, deceit, or misrepresentation," or "(d) engage in conduct that is prejudicial to the administration of justice."

of Account,[5] 16–607 Commingling of Funds,[6] 16–609 Prohibited Transactions;[7] and § 10–306[8] of the Maryland Code (1989, 2010 Repl.Vol., 2011 Supp.) Business Occupations and Professions Article ("BP"), thus subjecting him to BP § 10–606(b) Penalties.[9] He is thus, it submits, subject to this Court's disciplinary authority pursuant to MRPC 8.5(a).[10]

---

**5.** Maryland Rule 16–606 states:
"An attorney or law firm shall maintain each attorney trust account with a title that includes the name of the attorney or law firm and that clearly designates the account as 'Attorney Trust Account,' 'Attorney Escrow Account,' or 'Clients' Funds Account,' on all checks and deposit slips. The title shall distinguish the account from any other fiduciary account that the attorney or law firm may maintain and from any personal or business account of the attorney or law firm."

**6.** Maryland Rule 16–607(a) states: "An attorney or law firm may deposit in an attorney trust account only those funds required to be deposited in that account by Rule 16–604 or permitted by section b. of this Rule."

**7.** Maryland Rule 16–609(a) provides:
"An attorney or law firm may not borrow or pledge any funds required by the Rules in this Chapter to be deposited in an attorney trust account, obtain any remuneration from the financial institution for depositing any funds in the account, or use any funds for any unauthorized purpose."

**8.** Maryland Code (1989, 2010 Repl.Vol., 2011 Supp.) Business Occupations and Professions Article ("BP") § 10–306 prohibits a lawyer from using trust money "for any purpose other than the purpose for which the trust money is entrusted to the lawyer."

**9.** BP § 10–606 is the penalty provision for violation of BP § 10–306. It provides:
"(b) *Attorney trust accounts.*—A person who willfully violates any provision of Subtitle 3, Part I of this title, except for the requirement that a lawyer deposit trust moneys in an attorney trust account for charitable purposes under § 10–303 of this title, is guilty of a misdemeanor and on conviction is subject to a fine not exceeding $5,000 or imprisonment not exceeding 5 years or both."
Although listed with the Rule and statutes violated and apparently charged, it is clear that it is not a substantive provision.

**10.** MRPC 8.5 provides, in relevant part:
"(a) Disciplinary authority.
"(1) A lawyer admitted by the Court of Appeals to practice in this State is subject to the disciplinary authority of this State, regardless of where the lawyer's conduct occurs.

Pursuant to Md. Rule 16–752(a),[11] we transmitted this matter to the Hon. Toni E. Clarke of the Circuit Court for Prince George's County, for hearing, pursuant to Rule 16–757.[12] Although served with the Petition by the petitioner, the respondent neither filed an answer to the petition nor moved to vacate the Order of Default that the petitioner obtained pursuant to Md. Rules 2–613(b)[13] and 16–754[14] (c). Following

"(2) A lawyer not admitted to practice in this State is also subject to the disciplinary authority of this State if the lawyer:
"(i) provides or offers to provide any legal services in this State,
"(ii) holds himself or herself out as practicing law in this State, or
"(iii) has an obligation to supervise or control another lawyer practicing law in this State whose conduct constitutes a violation of these Rules."

11. Maryland Rule 16–752(a) provides:
"*Order.* Upon the filing of a Petition for Disciplinary or Remedial Action, the Court of Appeals may enter an order designating a judge of any circuit court to hear the action and the clerk responsible for maintaining the record. The order of designation shall require the judge, after consultation with Bar Counsel and the attorney, to enter a scheduling order defining the extent of discovery and setting dates for the completion of discovery, filing of motions, and hearing."

12. Maryland Rule 16–757, which prescribes the procedure for a judicial hearing, held upon the filing of a Petition for Disciplinary or Remedial Action, provides, in relevant part:
"(b) *Burdens of proof.* The petitioner has the burden of proving the averments of the petition by clear and convincing evidence. A respondent who asserts an affirmative defense or a matter of mitigation or extenuation has the burden of proving the defense or matter by a preponderance of the evidence.
"(c) *Findings and conclusions.* The judge shall prepare and file or dictate into the record a statement of the judge's findings of fact, including findings as to any evidence regarding remedial action, and conclusions of law. If dictated into the record, the statement shall be promptly transcribed. Unless the time is extended by the Court of Appeals, the written or transcribed statement shall be filed with the clerk responsible for the record no later than 45 days after the conclusion of the hearing. The clerk shall mail a copy of the statement to each party."

13. Md. Rule 2–613(b) states:
"Order of default. If the time for pleading has expired and a defendant has failed to plead as provided by these rules, the court, on written request of the plaintiff, shall enter an order of default. The request shall state the last known address of the defendant.

14. Md. Rule 16–754 provides, in relevant part:

a hearing, at which the respondent failed to appear and testimony and documentary evidence were received, the hearing court, pursuant to Maryland Rule 16–757 made findings of fact, by the clear and convincing standard, and drew conclusions of law, as follows:

"Respondent was originally admitted to the Bar of the Court of Appeals of Maryland on June 21, 1995. He has maintained a law practice at 1009 Folcroft Lane, Largo, Maryland. On April 6, 2009, by Order of the Court of Appeals of Maryland, Respondent was temporarily suspended and prohibited from the further practice of law in the State of Maryland for nonpayment of his annual assessments to the Client Protection Fund.

"On or about March 28, 2008, Respondent received a check in the amount of $1,000 from his client, World of Hardwoods, Inc. for payment of legal fees. Respondent deposited the $1,000 funds to his attorney trust account on the same day. After the deposit was made, Respondent's attorney trust account had a balance of $1,149.76. Also on March 28, 2008, Respondent deposited a check in the amount of $230.00 from 'Nichelle Owens–Jones' for payment of Respondent's 'bar' dues, totaling Respondent's attorney trust account balance to $1,379.76.

"Subsequently, from March 28, 2008 through April 15, 2008, Respondent issued several checks totaling $1,385.00 to himself 'Cotie W. Jones', his wife, and to other third parties on behalf of himself for payment of his personal and/or business expenses as follows:

---

"(a) *Timing; contents.* Within 15 days after being served with the petition, unless a different time is ordered, the respondent shall file with the designated clerk an answer to the petition and serve a copy on the petitioner. . . .

\*　　\*　　\*

"(c) *Failure to answer.* If the time for filing an answer has expired and the respondent has failed to file an answer in accordance with section (a) of this Rule, the court shall treat the failure as a default and the provisions of Rule 2–613 shall apply."

| Date of check | Check Nos. | Amount of check | Payable to |
|---|---|---|---|
| 3/28/08 | 1455 | $ 40.00 | Cotie W. Jones |
| 3/28/08 | 1457 | $ 50.00 | Cotie W. Jones |
| 3/29/08 | 1458 | $150.00 | Cotie W. Jones |
| 3/28/08 | 1456 | $210.00 | Client Protection Fund for "Bar Dues" |
| 4/03/08 | 1459 | $ 60.00 | Cotie W. Jones |
| 4/04/08 | 1460 | $250.00 | Nichelle D. Owens–Jones |
| 4/07/08 | 1461 | $125.00 | Comcast for "internet/cable" |
| 4/08/08 | 1462 | $200.00 | Cotie W. Jones |
| 4/13/08 | 1463 | $125.00 | Nichelle D. Owens–Jones for "bill" |
| 4/14/08 | 1464 | $175.00 | Cotie W. Jones |

"On the checks issued to 'Comcast' and 'Client Protection Fund', the words 'Client Escrow' on Respondent's Client Escrow Account checks were scratched off, presumably by Respondent. After the presentment of Check No. 1463 in the amount of $125 to 'Nichelle D. Owens–Jones' on April 15, 2008, to the bank, there were insufficient funds to cover the amount of the check. Bank of America, nevertheless, honored the check, resulting in an overdraft on Respondent's attorney trust account and a negative balance of $–5.24. No other monies were deposited to Respondent's attorney trust account until April 21, 2008.

"According to the bank records of Respondent's attorney trust account and the analysis provided by Paralegal of the Attorney Grievance Commission, John Debone, Respondent withdrew $5.24 more than he was permitted for his own benefit as fees earned after depositing the $1,000 funds from his client World of Hardwoods, Inc. as payment for his legal fees, thereby causing the overdraft on his attorney trust account.

"On or about April 21, 2008, Bar Counsel received an Overdraft Report dated April 16, 2008, from Bank of America of Respondent's attorney trust account. The report advised that an overdraft was created on April 15, 2008, in the amount of (negative) -$5.24. On April 29, 2008, Deputy Bar Counsel, Glenn Grossman, sent a letter to Respondent via certified mail requesting his written response to the April 16, 2008, over-

draft notice of his attorney trust account from Bank of America, including copies of his client ledger cards, deposit slips, canceled checks, and monthly bank statements of his escrow account from the period 'January 2008 to the present'. The certified mail return receipt shows that Respondent signed for and received Deputy Bar Counsel's April 29, 2008, letter on or about May 13, 2008. Respondent did not respond to that letter.

"On June 18, 2008, Deputy Bar Counsel sent another letter to Respondent requesting his written response to the overdraft notice from Bank of America of his attorney trust account. Respondent did not respond to that letter. On July 1, 2008, Deputy Bar Counsel sent a third letter to Respondent requesting his written response to the overdraft notice from Bank of America of his attorney trust account. Respondent did not respond to that letter. Consequently, Petitioner subpoenaed relevant bank records, including copies of monthly bank statements, canceled checks, and deposit slips, of Respondent's attorney trust account.

"The subpoenaed records show that from the period March 2008 through August 2008, Respondent used his attorney trust account for personal and business matters. For instance, Respondent made payments to Comcast, Client Protection Fund, and his wife, Nichelle D. Owens–Jones. The records further show that Respondent does not have the proper name and designation on his trust account checks as required by Md. Rule 16–606."

On the basis of these findings, the hearing court concluded that the respondent violated each of the charged violations. As to MRPC 1.15(a) and 8.4(c), Md. Rule 16–609, and BP §§ 10–306 and 10–606, it found that the respondent's withdrawal, from his attorney trust account, of more funds for his own benefit than he had earned as fees, constituted those violations. Md. Rule 16–607 was violated, the hearing court concluded, when the respondent used these funds for the payment of his personal and business debts. The hearing court, in addition, determined that the respondent's failure to

designate his trust account checks properly was a violation of Md. Rule 16–606, and his willful failure to respond to the petitioner's lawful requests for information and an explanation violated MRPC 8.1(b). The hearing court concluded, on balance, that the respondent's conduct was prejudicial to the administration of justice, in violation of MRPC 8.4(d).

## II.

The Court of Appeals of Maryland "has complete jurisdiction over attorney discipline proceedings" in this state. *Attorney Grievance Comm'n v. Nwadike,* 416 Md. 180, 192, 6 A.3d 287, 294 (2010) (quoting *Attorney Grievance Comm'n v. Thomas,* 409 Md. 121, 147, 973 A.2d 185, 200 (2009)) (internal quotation marks omitted). "In our independent review of the record, we accept the hearing judge's findings of fact as prima facie correct unless shown to be clearly erroneous." *Attorney Grievance Comm'n v. Stern,* 419 Md. 525, 556, 19 A.3d 904, 925 (2011); *see also Attorney Grievance Comm'n v. Palmer,* 417 Md. 185, 205, 9 A.3d 37, 49 (2010); *Attorney Grievance Comm'n v. Boyd,* 333 Md. 298, 303, 635 A.2d 382, 384 (1994). In those cases "where neither the petitioner nor the respondent files exceptions to the findings of fact, as is the case here, this Court 'may treat the findings of fact as established for the purpose of determining appropriate sanctions, if any.'" *Attorney Grievance Comm'n v. Goodman,* 426 Md. 115, 124, 43 A.3d 988, 993 (2012) (quoting Md. Rule 16–759(b)(2)(A)); *Attorney Grievance Comm'n v. Logan,* 390 Md. 313, 319, 888 A.2d 359, 363, (2005). While the "trier of fact may elect to pick and choose which evidence to rely upon," *Attorney Grievance v. Nothstein,* 300 Md. 667, 684, 480 A.2d 807, 816 (1984), pursuant to Md. Rule 16–759(b)(1),[15] our review of the Circuit Court's conclusions of law, based upon its survey of that evidence, is conducted de novo. *Goodman,* 426 Md. at 124, 43 A.3d at 993.

---

**15.** Maryland Rule 16–759(b)(1) provides: "(1) *Conclusions of Law.* The Court of Appeals shall review de novo the circuit court judge's conclusions of law."

Upon our de novo review of the hearing court's conclusions of law, we are satisfied that they follow from, and are supported by, the court's factual findings, which have been established.

Although not stated in these terms, the hearing court has found facts, from which it concluded that the respondent misappropriated client funds. Indeed, that ordinarily is the effect of violations of MRPC 1.15, Rule 16–609 and BP 10–306.

 Misappropriation is defined as "any unauthorized use by an attorney of a client's funds entrusted to him or her, whether or not temporary or for personal gain or benefit." *Attorney Grievance Comm'n v. Glenn,* 341 Md. 448, 484, 671 A.2d 463, 481 (1996) (quoting *In re Harrison,* 461 A.2d 1034, 1036 (D.C.App.1983)) (internal quotation marks omitted). The respondent's withdrawal of funds from his trust account for personal, unauthorized purposes, thus amounted to misappropriation.

Accordingly, all that remains is determining the appropriate sanction.

 This Court is authorized to impose sanctions for attorney misconduct pursuant to MRPC 8.5(a). Such disciplinary authority is necessary "to protect the public and its confidence in the legal profession." *Goodman,* 426 Md. at 131, 43 A.3d at 997. In that regard, we reiterate what we stated in *Attorney Grievance Comm'n v. Sheridan,* 357 Md. 1, 741 A.2d 1143 (1999):

> "Because an attorney's character must remain beyond reproach, this Court has the duty, since attorneys are its officers, to insist upon the maintenance of the integrity of the bar and to prevent the transgressions of an individual lawyer from bringing its image into disrepute. Disciplinary proceedings have been established for this purpose, not for punishment, but rather as a catharsis for the profession and a prophylactic for the public."

*Id.,* 357 Md. at 27, 741 A.2d at 1157 (quoting *Attorney Grievance Comm'n v. Deutsch,* 294 Md. 353, 368–69, 450 A.2d

1265, 1273 (1982)). Additionally, "disciplinary proceedings and the sanctions imposed have the goal . . . of 'deterring other lawyers from engaging in similar conduct.'" *Goodman,* 426 Md. at 132, 43 A.3d at 998 (quoting *Attorney Grievance Comm'n v. Stein,* 373 Md. 531, 537, 819 A.2d 372, 375 (2003)).

When imposing sanctions for attorney misconduct, "we consider the nature of the ethical duty violated in light of any aggravating or mitigating circumstances." *Attorney Grievance Comm'n v. Nussbaum,* 401 Md. 612, 643, 934 A.2d 1, 19 (2007) (citing *Attorney Grievance Comm'n v. Sweitzer,* 395 Md. 586, 598–99, 911 A.2d 440, 447–48 (2006)). Indeed, the public interest is safeguarded "when sanctions are imposed that are commensurate with the nature and gravity of the violations and the intent with which they were committed." *Attorney Grievance Comm'n v. Gore,* 380 Md. 455, 472, 845 A.2d 1204, 1213 (2004).

The petitioner recommends that the respondent be disbarred. In support of that recommendation, it emphasizes the gravity of the respondent's misconduct, the misappropriation of client funds, as well as the respondent's failure to acknowledge this Court's disciplinary authority, having failed to respond, in any way, to these proceedings. We adopt that recommendation.

It has been our long-held and consistent position that the "entrustment to [attorneys] of the money and property of others involves a responsibility of the highest order," and further, that "[a]ppropriating any part of those funds to their own use and benefit without clear authority to do so cannot be tolerated." *Attorney Grievance Comm'n v. Owrutsky,* 322 Md. 334, 345, 587 A.2d 511, 516 (1991); *see also Attorney Grievance Comm'n v. Cherry–Mahoi,* 388 Md. 124, 161, 879 A.2d 58, 81 (2005). Thus, we long have been clear, "[m]isappropriation, by an attorney, of funds entrusted to his or her care is an act infected with deceit and dishonesty and, in the absence of compelling extenuating circumstances justifying a lesser sanction, will result in disbarment." *Attorney Grievance Comm'n v. Spery,* 371 Md. 560, 568, 810 A.2d 487, 491–92

(2002); *see also Goodman,* 426 Md. at 132, 43 A.3d at 998; *Cherry–Mahoi,* 388 Md. at 161, 879 A.2d at 81; *Attorney Grievance Comm'n v. Sperling,* 380 Md. 180, 191, 844 A.2d 397, 404 (2004); *Attorney Grievance Comm'n v. Vanderlinde,* 364 Md. 376, 410, 773 A.2d 463, 482 (2001).

The respondent has failed to present any extenuating circumstances—indeed, he has failed to present any explanation for his conduct at all—never mind compelling ones, which would cause this Court to deviate from this oft enunciated principle. He did not ever respond to Deputy Bar Counsel's requests for information, and he has not participated in these proceedings. We have stated that where, as is the case here, a respondent does not file any exceptions, "we treat the findings of fact as established." Rule 16–759(b)(2)(A).[16] Furthermore, we are satisfied, upon review pursuant to Rule 16–759(b)(1), *supra* note 15, that the Circuit Court's conclusions of law, in light of its factual findings, represent a sound and proper interpretation of the governing rules.

The respondent shall be disbarred.

IT IS SO ORDERED; RESPONDENT SHALL PAY ALL COSTS AS TAXED BY THE CLERK OF THIS COURT, INCLUDING COSTS OF ALL TRANSCRIPTS, PURSUANT TO MARYLAND RULE 16–761, FOR WHICH SUM JUDGMENT IS ENTERED IN FAVOR OF THE ATTORNEY GRIEVANCE COMMISSION AGAINST COTIE W. JONES.

---

**16.** Rule 16–759(b)(2)(A) states that "[i]f no exceptions are filed, the Court may treat the findings of fact as established for the purpose of determining appropriate sanctions, if any."