Show cause hearing held May 5, 2023.

IN THE SUPREME COURT

OF MARYLAND*

Misc. No. 29

September Term, 2022

_____

IN THE MATTER OF THE APPLICATION
OF NEO KAMOHELO MONERI FOR
ADMISSION TO THE BAR OF MARYLAND

_____

Fader, C.J.
Watts
Hotten
Booth
Biran
Gould
Eaves,

JJ.

_____

Order
Hotten, J., dissents.

_____

Filed: May 31, 2023

Pursuant to the Maryland Uniform Electronic Legal Materials Act (§§ 10-1601 et seq. of the State Government Article) this document is authentic.



Gregory Hilton, Clerk

\* During the November 8, 2022 general election, the voters of Maryland ratified a constitutional amendment changing the name of the Court of Appeals of Maryland to the Supreme Court of Maryland. The name change took effect on December 14, 2022.

|                                      |   |                     |
|--------------------------------------|---|---------------------|
|                                      | * | IN THE              |
|                                      | * |                     |
| IN THE MATTER OF THE                 |   | SUPREME COURT       |
| APPLICATION OF NEO                    | * |                     |
| KAMOHELO MONERI FOR                   |   | OF MARYLAND         |
| ADMISSION TO THE BAR OF              | * |                     |
| MARYLAND                             |   | Misc. No. 29        |
|                                      | * |                     |
|                                      |   | September Term, 2022|
|                                      | * |                     |

O R D E R

The Court having considered the favorable recommendations of the Character Committee for the Seventh Appellate Judicial Circuit and the State Board of Law Examiners concerning the application of Neo Kamohelo Moneri for admission to the Bar of Maryland, it is this 31st day of May 2023, by the Supreme Court of Maryland, a majority of the Court concurring,

ORDERED that the favorable recommendations of the Character Committee for the Seventh Appellate Judicial Circuit and State Board of Law Examiners are accepted, and it is further

ORDERED that the applicant shall be admitted to the Bar upon taking the oath prescribed by the statute.

/s/ Matthew J. Fader
Chief Justice

IN THE SUPREME COURT

OF MARYLAND


Misc. No. 29


September Term, 2022

---


IN THE MATTER OF THE APPLICATION
OF NEO KAMOHELO MONERI FOR
ADMISSION TO THE BAR OF MARYLAND

---


Fader, C.J.
Watts
Hotten
Booth
Biran
Gould
Eaves,

JJ.

---

Dissent to the Order by Hotten, J.

---

Filed: May 31, 2023

Attorneys enjoy a distinct position of trust and confidence that carries the significant responsibility and obligation to be caretakers for the system of justice that is essential to the continuing existence of a civilized society. Each attorney, therefore, as a custodian of the system of justice, *must be conscious of this responsibility and exhibit traits that reflect a personal responsibility to recognize, honor, and enhance the rule of law in this society.*

Md. Att'ys' Rules of Prof. Conduct App'x 19-B (emphasis added).

Respectfully, I dissent from the majority. I am not persuaded that Mr. Moneri has demonstrated the requisite character and fitness to practice law in Maryland. The conduct reflected in the record suggests a self-centered and reckless disregard for the property interests of others, the law and legal process.[1] Such traits are inconsistent with the requisite character and fitness to practice law.

We expect attorneys who practice law to exemplify the highest virtues of character, honesty, and integrity. Those qualities serve as the underpinnings for our profession and have been the hallmark of the careers of many distinguished members of our Bar. *Matter of Knight*, 464 Md. 118, 120–21, 211 A.3d 265, 266 (2019) ("No attribute in a lawyer is more important than good moral character; indeed, it is absolutely essential to the preservation of our legal system and the integrity of the courts." (internal quotation marks and citation omitted)). The practice of law is a privilege. This privilege is a sacred trust, the acceptance of which is accompanied by a measure of responsibility. Attorneys are entrusted with safeguarding client funds, confidences, the responsibility to comply with the law and timely adhere to court appearances. *See*, *e.g.*, *Att'y Grievance Comm'n v. Ficker*,

---

[1] In its Report and Recommendation, the Character Committee recognized that Mr. Moneri knew what "he was doing . . . to be wrong," but believed he could "negate the wrongfulness of [his] conduct[]" by "remedy[ing] [his] wrongdoing quickly[.]"

477 Md. 537, 566, 271 A.3d 227, 244 (2022) (citation omitted) ("Competent representation . . . *requires* the attorney's presence *at any court proceeding* for which he or she was retained, absent an acceptable explanation for that attorney's absence." (emphasis added) (internal quotation marks and citation omitted)); *Att'y Grievance Comm'n v. Jones*, 428 Md. 457, 469, 52 A.3d 76, 83 (2012) ("It has been our long-held . . . position that the entrustment to [attorneys] of the money and property of others involves *a responsibility of the highest order*, and further, that [a]ppropriating any part of those funds to their own use and benefit without clear authority to do so *cannot be tolerated*." (emphasis added) (internal quotation marks and citations omitted)).

On the day the Court scheduled the hearing to consider Mr. Moneri's application for admission, he appeared an hour late, presenting no excuse or explanation for his tardiness. During his remarks to the Court, he acknowledged appreciation for the wrongful nature of his conduct yet offered no excuse or explanation for it. What a disappointing reflection regarding the importance of respecting the privilege to practice law. One can hope that Mr. Moneri dedicates himself to ensuring that the behaviors which caused concerns regarding his character and fitness to enter this noble legal profession, do not repeat themselves. Only if he takes this humbling moment to heart and practices law consistent with the high standards applicable to this profession, will he do well. Accordingly, I dissent.